# EXHIBIT 1

Kim Channell, McCracken Circuit Clerk
300 Clarence Gaines Street - 2nd Floor
Paducah, KY 42003

## USPS CERTIFIED MAIL



Case Number: 25-CI-00319

9236 0901 9403 8306 4914 18

Restricted Delivery

SOLAR MOSAIC, LLC
C/O CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT, KY 40601
Case Number: 25-CI-00319



## KCOJ eFiling Cover Sheet

Case Number: 25-CI-00319

Envelope Number: 10175864

Package Retrieval Number: 1017586466706160@00000193737

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 19.16

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package : 000001 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)



| | |
|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Cfficial Form 1 | Case #: **25-CI-00319**<br>Court:  **CIRCUIT**<br>County: **MCCRACKEN** |



## CIVIL SUMMONS

*Plaintiff,* **ROGERS, RONNIE ET AL VS. DESIGN 1 GROUP, LLC ET AL**, *Defendant*

TO:  **SOLAR MOSAIC, LLC**
   **C/O CT CORPORATION SYSTEM**
   **306 WEST MAIN STREET, SUITE 512**
   **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*K. Chanull*

McCracken Circuit Clerk
Date: **3/21/2025**

*Package : 000003 of 000022*

*Presiding Judge: HON. JOSEPH ROARK (602464)*

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____      _____
                                         Served By

                                         _____
                                         Title

* package : 000003 of 000022*

Summons ID: 1017586466706160@00000193737
CIRCUIT: 25-CI-00319 Certified Mail
ROGERS, RONNIE ET AL VS. DESIGN 1 GROUP, LLC ET AL



Page 1 of 1

*eFile*

Package : 000005 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000005 of 000022

# IN THE CIRCUIT COURT
## FOR McCRACKEN COUNTY, KENTUCKY
### DIVISION ____

|  |  |  |
|---|---|---|
| **RONNIE ROGERS AND CINDY ROGERS,** *on Behalf of Themselves and All Others Similarly Situated,* | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No.:** |
| **DESIGN 1 GROUP, LLC; ZACH DILLON, SOLAR MOSAIC, LLC; CONNEXUS CREDIT UNION; CONCORD SERVICING, LLC f/k/a CONCORD SERVICING COMPANY, and NATIONAL ENTERPRISE SYSTEMS, INC.,** | ) ) ) ) ) ) | **JURY DEMAND** |
| **Defendants.** | ) ) | |

## REPRESENTATIVE CLASS ACTION COMPLAINT

COME NOW the Plaintiffs, Ronnie Rogers and Cindy Rogers, (collectively "Named Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and state as follows:

### NATURE OF THE COMPLAINT

1.    Named Plaintiffs bring this action against Defendants Design 1 Group, LLC; Zach Dillon; Solar Mosaic, LLC; Connexus Credit Union; Concord Servicing, LLC f/k/a Concord Servicing Company; and National Enterprise Systems, Inc. for damages resulting from the allegations set forth below. Named Plaintiffs allege, on behalf of themselves and all others similarly situated, that Defendants conspired to use false promises of energy savings and tax credits to entice Named Plaintiffs and Members of the proposed class to enter loan agreements for solar panels that were never installed correctly, if they were installed at all, resulting in significant ongoing charges



for products and/or services the Named Plaintiffs and Members of the proposed class never received.

<b><u>JURISDICTION AND VENUE</u></b>

2.      This Court has jurisdiction over this matter pursuant to Ky. Rev. Stat. § 23A.010(1) because the Named Plaintiffs are residents of this state and no other court has exclusive jurisdiction over the causes of action asserted herein.

3.      Venue is proper in this Court pursuant to Ky. Rev. Stat. § 452.460(1) because this action involves a contract that Named Plaintiffs executed in McCracken County, Kentucky and financial transactions with Named Plaintiffs that occurred in McCracken County.

<b><u>PARTIES</u></b>

A.   **Plaintiffs**

*Named Plaintiffs*

4.      Plaintiff Ronnie Rogers and Cindy Rogers are a married couple who were, at all relevant times, residents of Paducah, McCracken County, Kentucky who contracted for the installation of solar panels in exchange for various financial obligations.

*Representative Action Members*

5.      The putative members of the representative action are similarly situated in that they (1) were fraudulently induced into a business transaction as result of Defendants' promises, (2) entered a contract with Defendants to purchase solar panels, (3) were required to enter into loan agreements and credit union membership as a term of the purchase agreement, (4) paid some amount toward those loan obligations, and (5) never received the working solar panels for which they paid nor any refund of their payment.

## B.  Defendants

6.      Defendant Design 1 Group, LLC is a Virginia Limited Liability Company with its principal place of business located at 498 Industrial Drive, Bristol, TN 37620.  Defendant Design 1 Group, LLC is currently in "bad" standing with the Kentucky Secretary of State and its registered agent for service of process resigned in April 2024.  As such, Defendant Design 1 Group may be served via the Kentucky Secretary of State's office, Summons Branch, 700 Capital Avenue, Suite 86, Frankfort, KY 40601.

7.      Defendant Zach Dillon is an individual engaged in sales of solar panels.  Defendant Dillon may be served at 1600 Clark Street, Paducah, KY 42003.

8.      Defendant Solar Mosaic, LLC is a Delaware Limited Liability Company with its principal place of business located at 601 12th Street Suite 325, Oakland, CA 94607.  Defendant Solar Mosaic, LLC's registered agent for service of process is CT Corporation System, who may be served at 306 West Main Street, Suite 512, Frankfort, KY 40601.

9.      Defendant Connexus Credit Union is a national credit union with its principal place of business located at 2600 Pine Ridge Boulevard, Wausau, WI 54401-7800.  Defendant Connexus Credit Union is not registered to do business in Kentucky and, therefore, may be served via the Kentucky Secretary of State's office, Summons Branch, 700 Capital Avenue, Suite 86, Frankfort, KY 40601.

10.      Defendant Concord Servicing, LLC is a Delaware Limited Liability Company with its principal place of business located at 4150 North Drinkwater Boulevard, # 270, Scottsdale, AZ 85251.  Defendant Concord Servicing, LLC was previously known as Concord Servicing Corporation until it converted to the LLC designation on or about January 26, 2022.  Defendant Concord Servicing, LLC is not registered with the Kentucky Secretary of State and, therefore, may

Package : 000007 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000007 of 000022



be served via the Kentucky Secretary of State's office, Summons Branch, 700 Capital Avenue, Suite 86, Frankfort, KY 40601.

11.     Defendant National Enterprise Systems, Inc. is an Ohio Corporation with its principal place of business located at 29125 Solon Road, Solon, OH 44139. Defendant National Enterprise Systems, Inc.'s registered agent for service of process is Corporation Service Company, which may be served at 421 West Main Street, Frankfort, KY 40601.

### RULE 23 CLASS-ACTION ALLEGATIONS

12.     Named Plaintiffs bring all Counts of this complaint as a class action pursuant to 23.01 and 23.02 of the Kentucky Rules of Civil Procedure, on behalf of themselves and as a representative of the following Class:

> All Kentucky residents (1) who were enticed to purchase solar panels and/or solar panel installation services by Defendants or representative(s) of any of them during the previous five years, (2) who tendered payment pursuant to the contracted agreement, and (3) from whom Defendants accepted payment of money without providing either solar panels functioning consistently with the marketing promises made or a refund.

13.     The claims set out in Counts I through VI, if certified for class-wide treatment, may be pursued by all similarly-situated persons.

14.     Named Plaintiffs, individually and on behalf of all others similarly situated, seek relief on a class basis for Defendants' unlawful actions.

15.     The number and identity of other potential class members may be determined from Defendants' records and potential class members may easily and quickly be notified of the pendency of this action.

16.     Named Plaintiffs' claims satisfy the numerosity standard of a class action. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown and the facts needed for

calculation of that number are presently within the sole control of Defendants, Named Plaintiffs state that, upon information and belief, more than one hundred Class members exist.

17. The Class is so large that individual lawsuits are impractical.

18. Questions of law and fact common to members of the Class predominate over questions that may affect only individual Members because Defendants have acted on grounds generally applicable to all Members. Among the questions of law and fact common to Named Plaintiffs and the Class are:

> a. Whether Defendants falsely represented the nature of the products and/or services to be sold;
>
> b. Whether Defendants lacked the authorization and/or ability to provide the products and/or services to be sold;
>
> c. Whether Defendants entered into contracts with the Members of this Class;
>
> d. Whether Defendants accepted payment from Members of the Class;
>
> e. Whether Defendants failed to provide Members of the Class with the products and/or services purchased or appropriate refunds;
>
> f. Whether products and/or services that were provided were of the quality and effectiveness promised during the sales process; and
>
> g. Whether Defendants engaged in deceptive or high-pressure measures to convince aggrieved Members of the Class to continue making payments despite Defendants' failure to provide any products or services in return for the payments.

19. The claims of the Named Plaintiffs are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Package : 000009 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000009 of 000022



20.     Named Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel that is experienced and competent in the fields of business and contract law and class action litigation.  Named Plaintiffs have no interest that is contrary to or in conflict with the Members of this class action.

21.     By engaging in the challenged actions, Defendants have harmed so many people that individual litigation creates the possibility of varying adjudications and the interests of the Members of the class will be best served by a single litigation, such that the matter may be certified as a class action pursuant to Ky. R. Civ. P. §§ 23.02(a) and/or (c).

**FACTUAL BACKGROUND**

22.     Defendant Design 1 Group represents itself as a seller of residential solar panel systems.

23.     Defendant Design 1 Group contacts sales targets through door-to-door sales people, cold calls, and similar methods.

24.     Defendant Dillon was a salesperson for Defendant Design 1 Group in 2020.

25.     On or about April 20, 2020, Defendant Dillon made an unsolicited visit to the home of Named Plaintiffs Ronnie Rogers and Cindy Rogers.

26.     Defendant Dillon showed Named Plaintiffs a video about solar power then told them that Defendant Design 1 Group could install solar panels that would reduce Named Plaintiffs' electricity bill by fifty percent or more.

27.     Defendant Dillon represented that Defendant Design 1 Group would perform a complete installation of solar panels, including providing the panels, installing them, and connecting them to the electrical grid.

28.     Defendant Dillon quoted a total fee of $50,000 that, he said, would be paid pursuant to a financing agreement, half of which he said the federal government would pay.

29.     Defendant Dillon's statements about the transaction were not true, however.

30.     Defendant Dillon presented Named Plaintiffs with a written contract, which Named Plaintiffs executed.

31.     The contract provided for Named Plaintiffs to be billed by Defendant Solar Mosaic.

32.     Defendant Connexus Credit Union identifies itself as "loan partner" with Defendant Solar Mosaic.

33.     Named Plaintiffs and other Class Members were required to become members of Defendant Connexus Credit Union, which required them to open an account with Defendant Connexus Credit Union.

34.     Defendant Connexus Credit Union received a fee for each loan issued by Defendant Solar Mosaic, but customers were to make their payments to Defendant Solar Mosaic.

35.     Defendant Solar Mosaic billed Named Plaintiffs a monthly fee pursuant to the contract presented by Defendants Design 1 Group and Dillon beginning in or about July 2020.

36.     Defendant Design 1 Group did not provide the service for which Named Plaintiffs were paying, however.

37.     Defendant Design 1 Group arrived at Named Plaintiffs' home approximately six months after they signed the contract and put up twelve solar panels on the roof of their home.

38.     Defendant Design 1 Group damaged Named Plaintiffs' roof during the installation such that their roof now leaks.

39.     Defendant Design 1 Group did not have the proper permit(s) to perform such an installation, however.

Package : 000011 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000011 of 000022



40.     Defendant Design 1 Group did not connect the solar panels such that they provided any electricity to Named Plaintiffs' home.

41.     Approximately six months after the solar panels were placed on Named Plaintiffs' home, Defendant Design 1 Group sent purported electricians to meet with Paducah Power System, which said the electricians would have to install their own meter for the solar panels.

42.     Defendant Design 1 Group's electricians did not install any meter for the solar panels, however.

43.     Defendant Design 1 Group stopped communicating with Named Plaintiffs at that point.

44.     Named Plaintiffs called Defendant Design 1 Group and Defendant Dillon, but no one would speak to them or return their calls.

45.     Throughout this time, Defendant Solar Mosaic continued to bill Named Plaintiffs $103 per month.

46.     Named Plaintiffs advised Defendant Solar Mosaic that they had not been provided with working solar panels, but Defendant Solar Mosaic continued to bill them every month by direct debit from Plaintiff Ronnie Rogers' bank account.

47.     When Defendant Solar Mosaic refused to terminate the payments, despite its knowledge that Defendants Design 1 Group and Dillon had misrepresented the proposed services and had failed to provide working solar electricity systems, Named Plaintiffs changed Mr. Rogers' bank account such that Defendant Solar Mosaic could not debit his account.

48.     In response, Defendant Solar Mosaic began debiting the account of Plaintiff Cindy Rogers, and raised the monthly payment from $103 to $145.

49. Named Plaintiffs then changed Mrs. Rogers' bank account to prevent Defendant Solar Mosaic from charging her account.

50. Defendant National Enterprise Systems is a debt collector for Defendant Solar Mosaic.

51. After Named Plaintiffs changed their bank accounts, Defendant National Enterprise Systems undertook efforts to collect on the contract by demanding payment and threatening harm to Named Plaintiffs' credit if they did not pay.

52. Named Plaintiffs explained the situation to Defendant National Enterprise Systems, including that they live off disability and cannot waste money on a service they did not get, but they paid Defendant National Enterprise Systems when they had free money to avoid further harm to their credit rating.

53. In late 2023 or early 2024, Defendant Concord Servicing Corporation took over debt collection efforts by trying to garnish Named Plaintiffs' income and, when it could not do so because they live off disability payments, made threats of more aggressive collection efforts, marks on their credit, and litigation.

54. Defendants have continued to charge Named Plaintiffs for a service that was never provided.

55. Defendants conducted the same operation against the other Members of the Class, such that no Class Member has received either properly working solar electricity service or a refund of their contract payments.

56. Named Plaintiffs and Class Members have requested refunds or updates on their orders, but Defendants unlawfully refused to process any refund, often making threats or ignoring communications.



57.      When a Class Member was insistent on a refund, Defendants required that Named
Plaintiffs and other Class Members pay a "Refund Processing Fee" that Defendants kept but
Defendants still never returned the initial payments.

58.      Defendants continue to brag publicly about the profits made from this fraudulent
business, frequently posting and bragging about the endeavor on Facebook.

<u>**COUNT I**</u>

**FRAUD IN THE INDUCEMENT**

59.      Named Plaintiffs, on behalf of themselves and all other similarly-situated
customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs
1 through 58 as if they were set forth fully herein.

60.      Defendants Design 1 Group and Dillon made several false representations of
material fact regarding the benefits of solar panels and their intention to provide working solar
electricity service of the quality that Named Plaintiffs and other Class Members attempted to
purchase.

61.      Specifically, Defendants Design 1 Group and Dillon represented that:  (1) They
could provide the solar panels requested by Class members, (2) they would only pay half the
contract price, because the federal government would pay the other half; (3) the solar panels would
be provided within a reasonable time following the order, (4) the solar panels would conform to
the requested specifications, (5) the solar panels would be delivered and connected in a serviceable
condition upon payment by the Plaintiffs, and (6) Plaintiffs would receive significant reductions
in their electricity costs.

62.     Defendants Design 1 Group and Dillon's statements were made for the purpose of and with the intent of inducing Named Plaintiffs and Members of the Class to pay for solar panels Defendants knew they would not provide in a serviceable condition.

63.     Named Plaintiffs and the Class Members justifiably relied on Defendants Design 1 Group and Dillon's misrepresentations and placed orders for solar electricity panels and service and tendered payment to the Defendants, but Defendants neither provided serviceable solar electricity service nor provided refunds.

64.     Defendants Solar Mosaic, Connexus Credit Union, National Enterprise Systems, and Concord Servicing falsely told Named Plaintiffs and the Class Members that they were required to continue paying for a service they had not received, and they threatened those who demanded refunds or discontinuation of billing.

65.     Named Plaintiffs and the Class Members were injured by Defendants' fraudulent misrepresentation and continue to be injured by the Defendants' failure to provide serviceable solar electricity service pursuant to their contracts.

66.     In addition to the sums paid to Defendants, Named Plaintiffs and the Class Members also incurred additional costs due to changes to their homes from the installation and presence of non-working solar panels as well as damages in the form of legal fees and costs.

**COUNT II**

**BREACH OF CONTRACT**

67.     Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 66 as if they were set forth fully herein.

Package : 000015 of 000022    Presiding Judge: HON. JOSEPH ROARK (602464)    Package : 000015 of 000022



68.    Defendants made offers to Named Plaintiffs and all Class Members to sell or finance solar panels to them that would provide electricity service to their homes for various amounts of money and promised that, upon payment, the panels would be installed in a serviceable condition resulting in substantial savings on their electricity bills.

69.    Defendants accepted payment from Named Plaintiffs and all members of the Class for the panels and service.

70.    Defendants never delivered solar panels in a serviceable condition.

71.    Defendants breached each contract by accepting payment for working solar panels and, thereafter, failing to install solar panels in a manner such that they would provide electrical service.

72.    After Defendants failed to perform, Named Plaintiffs and the Class Members lost the monies they paid to Defendants and incurred additional expenses in the form of legal fees and costs.

## COUNT III

### VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

73.    Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 72 as if they were set forth fully herein.

74.    Named Plaintiffs and the Class Members are "person(s)" under Ky. Rev. Stat. § 367.110(1).

75.    Defendants' transactions with Named Plaintiffs and the Class Members constitute "trade" and "commerce" pursuant to Ky. Rev. Stat. § 367.110(2).

Package : 000016 of 000022    Presiding Judge: HON. JOSEPH ROARK (602464)    Package : 000016 of 000022    Package : 000016 of 000022

76. Defendants engaged in "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce" in violation of KRS § 367.170(1) by fraudulently inducing Named Plaintiffs and the Class Members into purchasing solar panels and electricity service without the intention of providing said product in a serviceable manner.

77. Defendants continue to engage in their deceptive practices.

78. Defendants' unfair practices offend public policy and the notions of business and commerce and will continue to harm persons who conduct business with them.

79. As a result of Defendants' actions, Named Plaintiffs and the Class Members have suffered damages in the form of lost monies they paid to Defendants and incurred additional expenses in the form of legal fees and costs.

### COUNT III

### NEGLIGENCE *PER SE*

80. Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 79 as if they were set forth fully herein.

81. Defendants' actions complained of herein violate the provisions of the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110 *et seq.*, as described in Count V.

82. This violation of the Kentucky Consumer Protection Act constitutes negligence *per se* pursuant to common law and/or Ky. Rev. Stat. § 446.070.

Package : 000017 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000017 of 000022



Package : 000018 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

Package : 000018 of 000022

## COUNT IV

### NEGLIGENT MISREPRESENTATION

83.    Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 82 as if they were set forth fully herein.

84.    Defendants were responsible for managing the contracts and for obtaining and installing solar panels in a serviceable condition to Named Plaintiffs and Members of the Class.

85.    Defendants, through their promotion and advertising of their alleged service, made several false representations of material fact regarding the panels and service to be provided.

86.    Specifically, Defendants represented that: represented that: (1) They could provide the solar panels requested by Class members, (2) the Class members would only pay part of the contract price, and the federal government would pay the remainder; (3) the solar panels would be provided within a reasonable time following the order, (4) the solar panels would conform to the requested specifications, (5) the solar panels would be delivered and connected in a serviceable condition upon payment by the Plaintiffs, and (6) Plaintiffs would receive significant reductions in their electricity costs.

87.    Defendants knew those representations were false or recklessly disregarded whether they could perform as promised.

88.    Defendants intended to induce Named Plaintiffs and Class Members to rely upon these representations so they would tender payment to the Defendants.

89.    Named Plaintiffs and Class Members justifiably relied on Defendants' misrepresentations and tendered payment to the Defendants to purchase solar electricity service.

90. Named Plaintiffs and Class Members were injured when Defendants failed to produce the solar panels and electricity service they purchased.

91. Nevertheless, Defendants continued to bill Named Plaintiffs and Class Members and threatened any who attempted to terminate their payments.

92. Named Plaintiffs and the Class Members suffered harm from Defendants' negligent misrepresentations in that they lost the monies they paid to Defendants and incurred additional damages in the form of legal fees and costs.

**COUNT V**

**UNJUST ENRICHMENT**

93. Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 92 as if they were set forth fully herein.

94. Defendants requested and received payments for solar electricity service that Named Plaintiffs and the Class Members ordered, but Defendants retained the payments without providing the ordered service.

95. Defendants, instead, continued to charge Named Plaintiffs and the Class Members despite the lack of any benefit to Named Plaintiffs and the Class Members from their contracts.

96. Defendants received a financial benefit by receiving payments, but refusing to provide either the ordered solar electricity service or refunds for payments made for such service.

97. Defendants were unjustly enriched by retaining these funds without providing any product or service in return.

Package : 000019 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000019 of 000022



## COUNT VI

### CIVIL CONSPIRACY

98.     Named Plaintiffs, on behalf of themselves and all other similarly-situated customers of Defendants, reallege and incorporate herein the allegations contained in Paragraphs 1 through 97 as if they were set forth fully herein.

99.     Defendants Design 1 Group and Dillon were aware that Defendants Solar Mosaic, Connexus, National Enterprise Systems, and Concord Servicing Company intended to charge Named Plaintiffs and the Class Members for services Defendants Design 1 Group and Dillon knew they had misrepresented and would not provide as promised.

100.    Defendants Solar Mosaic, Connexus, National Enterprise Systems, and Concord Servicing Company knew Defendants Design 1 Group and Dillon misrepresented the nature of the contemplated service and would not provide the service as promised.

101.    Defendants Design 1 Group and Dillon defrauded and committed the other wrongs set out above against Named Plaintiffs and the Class Members to aid and abet Defendants Solar Mosaic, Connexus, National Enterprise Systems, and Concord Servicing in their plan to bill Named Plaintiffs and the Class Members for services Defendants knew they had not received as promised.

102.    Defendants Solar Mosaic, Connexus, National Enterprise Systems, and Concord Servicing provided billing services to aid and abet Defendants Design 1 Group and Dillon in their plan to obtain compensation from Named Plaintiffs and the Class Members for services Defendants knew they had not received as promised.

Package : 000020 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

Package : 000020 of 000022

103.    Because Defendants were aware of and intended to further the plan to violate the law by each other Defendant, Defendants' conscious assistance of that plan constitutes a civil conspiracy for which each Defendant is jointly and severally liable.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiffs, on behalf of themselves and all proposed members of the representative action, pray for relief as follows:

1.    Designation of Plaintiffs as the Named Plaintiffs and as Representative Plaintiffs of the putative members of this action;

2.    Designation of this action as a class action pursuant to Ky. R. Civ. P. 23 on behalf of the proposed members of the actions set out in all Counts and appointing Named Plaintiffs and their counsel to represent the Class;

3.    Declaration, judgment, and decree that the conduct alleged herein unjustly enriched Defendants;

4.    An injunction prohibiting Defendants' from continuing to pursue their unlawful business methods pursuant to Ky. Rev. Stat. § 367.220(1);

5.    An award of compensatory damages to be paid by Defendants, jointly and severally, to Plaintiff and the putative members of the Class Action for Defendants' breach of their contractual duties pursuant to Count II and negligent misrepresentation pursuant to Count IV;

6.    An award of punitive damages pursuant to Counts I, III, IV, V, and VI;

7.    Disgorgement of all sums improperly received by Defendants and restitution of same to Named Plaintiffs and the putative members of the Class Action pursuant to all Counts;

8.    An award of attorney's fees and costs pursuant to Ky. Rev. Stat. § 367.220(3);

9.    Pre-Judgment and Post-Judgment interest, as provided by law; and

Package : 000021 of 000022

Presiding Judge: HON. JOSEPH ROARK (602464)

ackage : 000021 of 000022



10. Any and all other and further legal and equitable relief as this Court deems necessary, just, and proper.

11. Plaintiffs request a jury trial on all issues so triable.

Respectfully submitted,

/s D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714
IL ARDC # 6322019

Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003

Voice: (270) 443-9401
Fax: (270) 596-1082

wes@sullengerfirm.com

*Attorney for the Plaintiffs,*
*Ronnie Rogers, Cindy Rogers,*
*and All Others Similarly Situated*

Filed          25-CI-00319          04/14/2025          Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL

DOCUMENT

04/24/2025 03:57:11

PM

89824-2

## IN THE CIRCUIT COURT
## FOR McCRACKEN COUNTY, KENTUCKY

| | | |
|---|---|---|
| RONNIE ROGERS AND CINDY ROGERS, *on Behalf of Themselves and All Others Similarly Situated*, | : : : : | CASE NO. 25-CI-00319 |
| Plaintiffs, | : : | |
| v. | : : : | **DEFENDANT NATIONAL ENTERPRISE SYSTEMS, INC.'S ANSWER TO PLAINTIFFS'** |
| DESIGN 1 GROUP, LLC, *et al.*, | : : : | **REPRESENTATIVE CLASS ACTION COMPLAINT** |
| Defendants. | : | |

Now comes Defendant National Enterprise Systems, Inc. ("NES"), by and through counsel, and for its Answer to Plaintiffs Ronnie Rogers' and Cindy Rogers' ("Plaintiffs") Representative Class Action Complaint ("Complaint"), states as follows:

### NATURE OF THE COMPLAINT[1]

1.      NES denies the allegations set forth in Paragraph 1 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

### JURISDICTION AND VENUE

2.      Paragraph 2 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

---

[1]      For ease of review, NES has retained the headings and paragraph numbering from Plaintiffs' Complaint throughout this Answer.

1

Filed          25-CI-00319          04/14/2025          Kim Channell, McCracken Circuit Clerk

ANS : 000001 of 000020

3.      Paragraph 3 of Plaintiffs' Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is required, NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

## PARTIES

**A.    Plaintiffs**

### *Named Plaintiffs*

4.      NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

### *Representative Action Members*

5.      NES denies the allegations set forth in Paragraph 5 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

**B.    Defendants**

6.      NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint, and therefore denies the same.

7.      NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint, and therefore denies the same.

8.      NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiffs' Complaint, and therefore denies the same.

9.      NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

2

Filed            25-CI-00319        04/14/2025            Kim Channell, McCracken Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

10.      NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint, and therefore denies the same.

11.      NES admits that it is a corporation organized under the laws of the State of Ohio, that it is located at 29125 Solon Road, Solon, Ohio 44139, and that its registered agent in Kentucky is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

## RULE 23 CLASS-ACTION ALLEGATIONS

12.      Paragraph 12 of Plaintiffs' Complaint sets forth allegations to which no response is required.  To the extent a response is required, NES denies the allegations set forth in Paragraph 12 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13.      NES denies the allegations set forth in Paragraph 13 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14.      NES denies the allegations set forth in Paragraph 14 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient

3

ANS : 000003 of 000020

Filed                    25-CI-00319       04/14/2025        Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM                                                                                    89824-2

to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of Plaintiffs' Complaint, and therefore denies the same.

15.     NES denies the allegations set forth in Paragraph 15 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of Plaintiffs' Complaint, and therefore denies the same.

16.     NES denies the allegations set forth in Paragraph 16 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17.     NES denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of Plaintiffs' Complaint, and therefore denies the same.

18.     NES denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19.     NES denies the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20.     NES denies the allegations set forth in Paragraph 20 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient

ANS : 000004 of 000020

Filed                25-CI-00319    04/14/2025        Kim Channell, McCracken Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of Plaintiffs' Complaint, and therefore denies the same.

21.    NES denies the allegations set forth in Paragraph 21 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES or that there are any viable claims, class or otherwise, against NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of Plaintiffs' Complaint, and therefore denies the same.

## **FACTUAL BACKGROUND**

22.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint, and therefore denies the same.

23.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint, and therefore denies the same.

24.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Complaint, and therefore denies the same.

25.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiffs' Complaint, and therefore denies the same.

26.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Complaint, and therefore denies the same.

27.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Complaint, and therefore denies the same.

28.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiffs' Complaint, and therefore denies the same.

ANS : 000005 of 000020

Filed    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM    89824-2

29.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiffs' Complaint, and therefore denies the same.

30.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Complaint, and therefore denies the same.

31.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiffs' Complaint, and therefore denies the same.

32.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Complaint, and therefore denies the same.

33.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiffs' Complaint, and therefore denies the same.

34.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Complaint, and therefore denies the same.

35.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiffs' Complaint, and therefore denies the same.

36.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiffs' Complaint, and therefore denies the same.

37.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Complaint, and therefore denies the same.

38.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiffs' Complaint, and therefore denies the same.

39.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiffs' Complaint, and therefore denies the same.

ANS : 000006 of 000020

Filed    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

Filed          25-CI-00319          04/14/2025          Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

40.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiffs' Complaint, and therefore denies the same.

41.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiffs' Complaint, and therefore denies the same.

42.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiffs' Complaint, and therefore denies the same.

43.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiffs' Complaint, and therefore denies the same.

44.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiffs' Complaint, and therefore denies the same.

45.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of Plaintiffs' Complaint, and therefore denies the same.

46.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of Plaintiffs' Complaint, and therefore denies the same.

47.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of Plaintiffs' Complaint, and therefore denies the same.

48.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of Plaintiffs' Complaint, and therefore denies the same.

49.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Complaint, and therefore denies the same.

50.     NES admits that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined in the Fair Debt Collection Practices Act ("FDCPA") and that, at times, accounts owed to Solar Mosaic are placed with it for collection.  Further answering,

ANS : 000007 of 000020

7

Filed                25-CI-00319      04/14/2025              Kim Channell, McCracken Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 of Plaintiffs' Complaint, and therefore denies the same.

51.     NES admits that an account owed to Solar Mosaic, in the name of Cindy Rogers, was placed with it for collection.  Further answering, NES denies the remaining allegations set forth in Paragraph 51 of Plaintiffs' Complaint.

52.     NES denies the allegations set forth in Paragraph 52 of Plaintiffs' Complaint.

53.     NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiffs' Complaint, and therefore denies the same.

54.     NES denies the allegations set forth in Paragraph 54 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 54 of Plaintiffs' Complaint, and therefore denies the same.

55.     NES denies the allegations set forth in Paragraph 55 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 of Plaintiffs' Complaint, and therefore denies the same.

56.     NES denies the allegations set forth in Paragraph 56 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 56 of Plaintiffs' Complaint, and therefore denies the same.

57.     NES denies the allegations set forth in Paragraph 57 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge

ANS : 000008 of 000020

8

Filed                    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 57 of Plaintiffs' Complaint, and therefore denies the same.

58.    NES denies the allegations set forth in Paragraph 58 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 58 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT I

## FRAUD IN THE INDUCEMENT

59.    All allegations incorporated by reference in Paragraph 59 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

60.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiffs' Complaint, and therefore denies the same.

61.    NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of Plaintiffs' Complaint, and therefore denies the same.

62.    NES denies the allegations set forth in Paragraph 62 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 62 of Plaintiffs' Complaint, and therefore denies the same.

63.    NES denies the allegations set forth in Paragraph 63 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 63 of Plaintiffs' Complaint, and therefore denies the same.

ANS : 000009 of 000020

Filed                    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

Filed    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

Case 5:25-cv-00053-BJB-LLK    Document 1-1    Filed 04/24/25    Page 31 of 43 PageID #: 40

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

64.    NES denies the allegations set forth in Paragraph 64 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 64 of Plaintiffs' Complaint, and therefore denies the same.

65.    NES denies the allegations set forth in Paragraph 65 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 65 of Plaintiffs' Complaint, and therefore denies the same.

66.    NES denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 66 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT II

### BREACH OF CONTRACT

67.    All allegations incorporated by reference in Paragraph 67 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

68.    NES denies the allegations set forth in Paragraph 68 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 68 of Plaintiffs' Complaint, and therefore denies the same.

69.    NES denies the allegations set forth in Paragraph 69 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge

10

ANS : 000010 of 000020

Filed          25-CI-00319       04/14/2025    Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 69 of Plaintiffs' Complaint, and therefore denies the same.

70.     NES denies the allegations set forth in Paragraph 70 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of Plaintiffs' Complaint, and therefore denies the same.

71.     NES denies the allegations set forth in Paragraph 71 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 71 of Plaintiffs' Complaint, and therefore denies the same.

72.     NES denies the allegations set forth in Paragraph 72 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 72 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT III

### VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT

73.     All allegations incorporated by reference in Paragraph 73 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

74.     Paragraph 74 of Plaintiffs' Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, NES is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of Plaintiffs' Complaint, and therefore denies the same.

11

ANS : 000011 of 000020

Filed                    25-CI-00319      04/14/2025            Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM                                                                                89824-2

75.    Paragraph 75 of Plaintiffs' Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, NES denies the allegations set forth in Paragraph 75 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES. Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 75 of Plaintiffs' Complaint, and therefore denies the same.

76.    NES denies the allegations set forth in Paragraph 76 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 76 of Plaintiffs' Complaint, and therefore denies the same.

77.    NES denies the allegations set forth in Paragraph 77 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 77 of Plaintiffs' Complaint, and therefore denies the same.

78.    NES denies the allegations set forth in Paragraph 78 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 78 of Plaintiffs' Complaint, and therefore denies the same.

79.    NES denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 79 of Plaintiffs' Complaint, and therefore denies the same.

ANS : 000012 of 000020

12

Filed

DOCUMENT

PM

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

## COUNT III

### NEGLIGENCE *PER SE*

80.     All allegations incorporated by reference in Paragraph 80 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

81.     NES denies the allegations set forth in Paragraph 81 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 81 of Plaintiffs' Complaint, and therefore denies the same.

82.     NES denies the allegations set forth in Paragraph 82 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 82 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT IV

### NEGLIGENT MISREPRESENTATION

83.     All allegations incorporated by reference in Paragraph 83 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

84.     NES denies the allegations set forth in Paragraph 84 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 84 of Plaintiffs' Complaint, and therefore denies the same.

ANS : 000013 of 000020

13

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

85.     NES denies the allegations set forth in Paragraph 85 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 85 of Plaintiffs' Complaint, and therefore denies the same.

86.     NES denies the allegations set forth in Paragraph 86 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 86 of Plaintiffs' Complaint, and therefore denies the same.

87.     NES denies the allegations set forth in Paragraph 87 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 87 of Plaintiffs' Complaint, and therefore denies the same.

88.     NES denies the allegations set forth in Paragraph 88 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 88 of Plaintiffs' Complaint, and therefore denies the same.

89.     NES denies the allegations set forth in Paragraph 89 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 89 of Plaintiffs' Complaint, and therefore denies the same.

90.     NES denies the allegations set forth in Paragraph 90 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge

ANS : 000014 of 000020

14

Filed    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 90 of Plaintiffs' Complaint, and therefore denies the same.

91.    NES denies the allegations set forth in Paragraph 91 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 91 of Plaintiffs' Complaint, and therefore denies the same.

92.    NES denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 92 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT V

### UNJUST ENRICHMENT

93.    All allegations incorporated by reference in Paragraph 93 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

94.    NES denies the allegations set forth in Paragraph 94 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 94 of Plaintiffs' Complaint, and therefore denies the same.

95.    NES denies the allegations set forth in Paragraph 95 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 of Plaintiffs' Complaint, and therefore denies the same.

15

ANS : 000015 of 000020

Filed                    25-CI-00319        04/14/2025                    Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM                                                                         89824-2

96.     NES denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 96 of Plaintiffs' Complaint, and therefore denies the same.

97.     NES denies the allegations set forth in Paragraph 97 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 97 of Plaintiffs' Complaint, and therefore denies the same.

## COUNT VI

### CIVIL CONSPIRACY

98.     All allegations incorporated by reference in Paragraph 98 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

99.     NES denies the allegations set forth in Paragraph 99 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 99 of Plaintiffs' Complaint, and therefore denies the same.

100.    NES denies the allegations set forth in Paragraph 100 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 100 of Plaintiffs' Complaint, and therefore denies the same.

101.    NES denies the allegations set forth in Paragraph 101 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without

ANS : 000016 of 000020

16

Filed

DOCUMENT

PM

25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 101 of Plaintiffs' Complaint, and therefore denies the same.

102.    NES denies the allegations set forth in Paragraph 102 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 102 of Plaintiffs' Complaint, and therefore denies the same.

103.    NES denies the allegations set forth in Paragraph 103 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by NES.  Further answering, NES is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 103 of Plaintiffs' Complaint, and therefore denies the same.

104.    NES further denies all other allegations set forth in Plaintiffs' Complaint that are not otherwise specifically admitted or denied herein.

## **AFFIRMATIVE DEFENSES**

1.    NES affirmatively alleges, in the alternative, that Plaintiffs may have failed to state a claim upon which relief can be granted.

2.    NES affirmatively alleges, in the alternative, that one or more of Plaintiffs' claims may be subject to arbitration.

3.    NES affirmatively alleges, in the alternative, that Plaintiffs may have failed to join all parties necessary and indispensable for a just adjudication of the captioned matter.

4.    NES affirmatively alleges, in the alternative, that the claims alleged in Plaintiffs' Complaint may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

ANS : 000017 of 000020

Filed    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

Filed    25-CI-00319    04/14/2025    Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

5.    NES affirmatively alleges, in the alternative, that any violation of law by NES, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

6.    NES affirmatively alleges, in the alternative, that it acted in good faith at all times and in good faith reliance on the information provided by the creditor of the account.

7.    NES affirmatively alleges, in the alternative, that it did not make any false or misleading representations to Plaintiffs or anyone else.

8.    NES affirmatively alleges, in the alternative, that Plaintiffs did not rely on any alleged false or misleading representations of NES.

9.    NES affirmatively alleges, in the alternative, that any alleged false or misleading representations by it, which are specifically denied, were not material.

10.    NES affirmatively alleges, in the alternative, that if it performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

11.    NES affirmatively alleges, in the alternative, that Plaintiffs have suffered no compensable damages as a result of any actions taken by NES.

12.    NES affirmatively alleges, in the alternative, that Plaintiffs may have failed to mitigate their damages, if any.

13.    NES affirmatively alleges, in the alternative, that if Plaintiffs were injured or damaged, such injury or damage was caused by the actions of Plaintiffs and/or third-parties over whom NES has no control, right to control, responsibility, or reason to anticipate.

14.    NES respectfully incorporates all affirmative defenses asserted by any other party to this litigation.

18

ANS : 000018 of 000020

Filed                25-CI-00319     04/14/2025          Kim Channell, McCracken Circuit Clerk

DOCUMENT

PM

NOT ORIGINAL

04/24/2025 03:57:11

89824-2

15.     NES respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of these proceedings.

WHEREFORE, NES respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint against NES at Plaintiffs' cost, and that NES be awarded its reasonable attorneys' fees and costs as provided for under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/Christopher T. Herman*
Christopher T. Herman (KY # 94840)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
cherman@sdtlawyers.com
*Counsel for Defendant National Enterprise Systems, Inc.*

19

ANS : 000019 of 000020

Filed          25-CI-00319        04/14/2025        Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL
DOCUMENT
04/24/2025 03:57:11
PM
89824-2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was e-filed and served on this 14th day

of April, 2025, via First Class United States Mail and/or electronic mail as follows:

D. Wes Sullenger, Esq.
Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003
wes@sullengerfirm.com
*Counsel for Plaintiffs*

Design 1 Group, LLC
498 Industrial Drive
Bristol, TN 37620
*Defendant*

Zach Dillon
1600 Clark Street
Paducah, KY 42003
*Defendant*

Solar Mosaic, LLC
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
*Defendant*

Connexus Credit Union
2600 Pine Ridge Boulevard
Wausau, WI 54401
*Defendant*

Concord Servicing Company
4150 North Drinkwater Boulevard, #270
Scottsdale, AZ 85251
*Defendant*

*/s/Christopher T. Herman*
Christopher T. Herman (KY # 94840)

ANS : 000020 of 000020

Filed          25-CI-00319        04/14/2025        Kim Channell, McCracken Circuit Clerk

Filed                    25-CI-00319        04/14/2025            Kim Channell, McCracken Circuit Clerk

NOT ORIGINAL

04/24/2025 04:04:44

89824-2

**IN THE CIRCUIT COURT
FOR McCRACKEN COUNTY, KENTUCKY**

| | | |
|---|---|---|
| RONNIE ROGERS AND CINDY ROGERS, | : | CASE NO. 25-CI-00319 |
| *on Behalf of Themselves and All Others* | : | |
| *Similarly Situated*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| DESIGN 1 GROUP, LLC, *et al.*, | : | **NOTICE OF APPEARANCE OF** |
| | : | **COUNSEL** |
| Defendants. | : | |

Now comes Christopher T. Herman of Surdyk, Dowd & Turner Co., L.P.A. and hereby

enters an appearance in the above matter as counsel for Defendant National Enterprise Systems,

Inc.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.


/s/Christopher T. Herman
Christopher T. Herman (KY # 94840)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
cherman@sdtlawyers.com
*Counsel for Defendant National Enterprise
Systems, Inc.*

Case 5:25-cv-00053-BJB-LLK Document 1-1 Filed 04/24/25 Page 43 of 43 PageID #: 52

NOT ORIGINAL
DOCUMENT
04/24/2025 04:04:44
PM
89824-2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was e-filed and served on this 14th

day of April, 2025, via First Class United States Mail and/or electronic mail as follows:

D. Wes Sullenger, Esq.
Sullenger Law Office, PLLC
2508 Jackson Street
Paducah, KY 42003
wes@sullengerfirm.com
*Counsel for Plaintiffs*

Design 1 Group, LLC
498 Industrial Drive
Bristol, TN 37620
*Defendant*

Zach Dillon
1600 Clark Street
Paducah, KY 42003
*Defendant*

Solar Mosaic, LLC
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, KY 40601
*Defendant*

Connexus Credit Union
2600 Pine Ridge Boulevard
Wausau, WI 54401
*Defendant*

Concord Servicing Company
4150 North Drinkwater Boulevard, #270
Scottsdale, AZ 85251
*Defendant*

*/s/Christopher T. Herman*
Christopher T. Herman (KY # 94840)

EA : 000002 of 000002